2012 ND 124

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Trent W. MAHLER, A Person Admitted to the Bar of the State of North Dakota.

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

Trent W. Mahler, Respondent.

No. 20120093.

Supreme Court of North Dakota.

July 17, 2012.

PER CURIAM.

[¶ 1]   The Supreme Court has before it Amended Findings, Conclusions, and Recommendations by the Hearing Panel of the Disciplinary Board recommending Trent W. Mahler be disbarred from the practice of law in North Dakota, he pay restitution to the involved clients, and he pay costs of the disciplinary proceeding for violations of the North Dakota Rules of Professional Conduct.   We conclude there is clear and convincing evidence Mahler violated N.D.R. Prof. Conduct 1.3, 1.4, 1.15(a) and 1.15(c).   We adopt the findings, conclusions, and recommendations regarding restitution and costs.   We reject the recommended sanction, concluding disbarment is inconsistent with and disproportionate to discipline imposed in similar circumstances, and we suspend Mahler from the practice of law for three years.

[¶ 2]   Trent W. Mahler was admitted to practice law in the state of North Dakota on October 1, 2001.   Mahler's license expired December 31, 2011, due to noncompliance with the North Dakota Rules on Continuing Legal Education.

[¶ 3]   On October 1, 2011, Mahler admitted service of a Summons and Petition for Discipline.   The Petition alleged that in approximately September 2010, Doyle and Sandra Burkhardt retained Mahler to advise them regarding a water drainage issue and paid him a $2,500 retainer.   Mahler agreed to charge $100 per hour for his services.   The retainer was deposited into Mahler's operating account rather than a trust account.   Mahler spent the retainer on other obligations prior to earning the fees.   In addition, following a Water Board Meeting during or around November 2010, Mahler failed to communicate with the Burkhardts.   During the course of these proceedings, Mahler provided an invoice in which he charged $120 per hour for his services, rather than the agreed upon $100 per hour.

[¶ 4]   The Petition alleged that Mahler's conduct in this matter violates N.D.R. Prof. Conduct 1.3 regarding diligence,

which provides that a lawyer shall act with reasonable diligence and promptness in representing a client; N.D.R.Prof. Conduct 1.4, regarding communication, which provides that a lawyer shall make reasonable efforts to keep the client reasonably informed about the status of a matter and promptly comply with the client's reasonable requests for information; N.D.R.Prof. Conduct 1.15(a) and (c), regarding safekeeping property, which provides that a lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property and that a lawyer shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred.

[¶ 5] A Hearing Panel was appointed, and it considered a Stipulation and Consent to Discipline. The Hearing Panel accepted the Stipulation and Consent to Discipline. It forwarded Findings, Conclusions, and Recommendation of the Hearing Panel to the Supreme Court on February 10, 2012, in which it recommended Mahler be disbarred from the practice of law in North Dakota, he pay restitution to the involved clients, and he pay costs of the disciplinary proceeding for violations of the North Dakota Rules of Professional Conduct.

[¶ 6] On March 7, 2012, we remanded the matter to the Hearing Panel to review and explain which standard or standards are being applied in this matter and what facts justify the Panel's recommendation under the North Dakota Standards for Imposing Lawyer Sanctions.

[¶ 7] On May 14, 2012, the Hearing Panel forwarded Amended Findings, Conclusions, and Recommendations of the Hearing Panel. In recommending a sanction, the Hearing Panel considered N.D. Stds. Imposing Lawyer Sanctions 4.11, recognizing that disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client and N.D. Stds. Imposing Lawyer Sanctions 9.22(d) recognizing multiple offenses, as aggravating factors. The Hearing Panel again recommended Mahler be disbarred from the practice of law in North Dakota, he pay restitution to the Burkhardts, and he pay costs of the disciplinary proceeding for violations of the North Dakota Rules of Professional Conduct.

[¶ 8] ORDERED, that the Amended Findings of Fact, Conclusions of Law and Recommendations of the Hearing Panel is accepted as to restitution and costs and rejected as to the recommended sanctions. We conclude disbarment is inconsistent with and disproportionate to discipline imposed in similar circumstances. Therefore,

1. Trent W. Mahler is SUSPENDED from the practice of law in North Dakota for three years, effective August 15, 2012;

2. Mahler must pay restitution to Doyle and Sandra Burkhardt in the amount of $2,500; and

3. Mahler must reimburse the Client Protection Fund for any payments to his clients.

[¶ 9] IT IS FURTHER ORDERED, any reinstatement is governed by N.D.R. Lawyer Discipl. 4.5.

[¶ 10] IT IS FURTHER ORDERED, that Mahler must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶ 11] IT IS FURTHER ORDERED, Mahler must pay the costs and expenses of these disciplinary proceedings in the amount of $500.00 within 60 days of the judgment, payable to the Secretary of the Disciplinary Board, Judicial Wing, 15th

Floor, 600 East Boulevard Avenue, Bismarck, ND 58505–0530.

[¶ 12] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.